

**United States Bankruptcy Court**
**District of South Dakota**

**Charles L. Nail, Jr.**
**Bankruptcy Judge**

_____

**Federal Building and United States Post Office**          **Telephone: (605) 945-4490**
**225 South Pierre Street, Room 211**                              **Fax: (605) 945-4491**
**Pierre, South Dakota 57501-2463**

October 3, 2007

Bruce J. Gering
Assistant United States Trustee
230 South Phillips Avenue, Suite 502
Sioux Falls, South Dakota 57104-6321

Billy Lee Horn
Debtor-Defendant, *pro se*
1313 Greenbriar Street
Rapid City, South Dakota 57701

    Subject:    ***Habbo G. Fokkena v. Billy Lee Horn (In re Horn)***
                        Adv. No. 07-5012; Chapter 7; Bankr. No. 07-50168

Dear Mr. Gering and Mr. Horn:

    The matter before the Court is Plaintiff United States Trustee Habbo G. Fokkena's Motion for Judgment on the Pleadings (doc. 7). This is a core proceeding under 28 U.S.C. § 157(b)(2). This letter decision and accompanying order and judgment shall constitute the Court's findings and conclusions under Fed.R.Bankr.P. 7052. As discussed below, the United States Trustee's motion will be granted.

    **Summary.** On June 1, 2004, Billy Lee Horn ("Horn") commenced a chapter 7 case in the District of South Dakota (Bankr. No. 04-50299). On July 8, 2005, the Court[1] entered an order denying Horn a discharge of his debts in that case.

    On June 21, 2007, Horn commenced another chapter 7 case, which is pending in the District of South Dakota (Bankr. No. 07-50168). On June 26, 2007, Plaintiff United States Trustee Habbo G. Fokkena ("United States Trustee") filed a complaint seeking a determination that certain of Horn's debts are nondischargeable under 11 U.S.C. § 523(a)(10), which provides debts for which a discharge was denied in an earlier chapter 7 case cannot be discharged in a subsequent bankruptcy case. On July 26, 2007, Horn filed an answer to the United States Trustee's complaint. In his

_____

    [1] The Honorable Irvin N. Hoyt, presiding.

Re: *Fokkena v. Horn*
October 3, 2007
Page 2

answer, Horn admitted he was the debtor in the prior chapter 7 case and had been denied a discharge in that case pursuant to 11 U.S.C. § 727(a)(4)(A). On August 6, 2007, the United States Trustee filed a motion for judgment on the pleadings. On September 7, 2007, Horn filed a response to the United States Trustee's motion. The matter was taken under advisement.

**Discussion.** In considering a motion for judgment on the pleadings, the Court must "accept all facts pled by the nonmoving party as true and draw all reasonable inferences from the facts in favor of the nonmovant." *Waldron v. Boeing Co.*, 388 F.3d 591, 593 (8th Cir. 2004) (citing *Franklin High Yield Tax-Free Income Fund v. County of Martin*, 152 F.3d 736, 738 (8th Cir. 1998) (citing *Lion Oil Co. v. Tosco Corp.*, 90 F.3d 268, 270 (8th Cir. 1996))). The Court may grant the motion "'only where the moving party has clearly established that no material issue of fact remains and the moving party is entitled to judgment as a matter of law.'" *Waldron,* 388 F.3d at 593 (quoting *Potthoff v. Morin*, 245 F.3d 710, 715 (8th Cir. 2001) (citing *Nat'l Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.*, 991 F.2d 426, 428 (8th Cir. 1993))).

As noted above, § 523(a)(10) excepts from discharge any debt "that was or could have been listed or scheduled by the debtor in a prior case concerning the debtor under this title . . . in which the debtor . . . was denied a discharge under section 727(a)(2), (3), (4), (5), (6), or (7) of this title[.]" 11 U.S.C. § 523(a)(10). Horn admits he was denied a discharge in his prior chapter 7 case under § 727(a)(4)(A). That is all the United States Trustee needs to establish to prevail under § 523(a)(10). Consequently, the United States Trustee is entitled to judgment as a matter of law.

The Court will enter a judgment excepting from Horn's discharge in his pending chapter 7 case, and in any future bankruptcy case he might file, the debts owed to the creditors listed on Horn's Schedule F (doc. 1) in his prior chapter 7 case, the debts owed to the creditors listed on Horn's Amendment to Schedule F and Notice of Amendment (doc. 14) in his prior chapter 7 case, and any debt owed to any other creditor, not known to the Court at this time, that Horn could have listed or scheduled in his prior chapter 7 case, but did not do so for whatever reason.

Sincerely,

Charles L. Nail, Jr.
Bankruptcy Judge

On the above date, a copy of this document was mailed or faxed to the parties shown on the Notice of Electronic Filing as not having received electronic notice.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota

cc:   adversary file (docket original; serve parties in interest)

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Frederick M. Entwistle
Clerk, U.S. Bankruptcy Court
District of South Dakota